## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Barbara Cosgrove,**

        **Plaintiff,**

**v.**                                  **Case No. 15-2476-JWL**

**KKR Legends, LLC; KRE Legends Manager, LLC;**
**Jeffery Taylor; and John Doe,**

        **Defendants.**

### MEMORANDUM & ORDER

Plaintiff Barbara Cosgrove filed a state court petition against defendants for injuries she sustained after she slipped and fell on ice on a sidewalk at the Legends Outlets shopping center in Kansas City, Kansas.  Defendants timely removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 and, shortly thereafter, plaintiff filed a motion to remand.  In assessing the motion to remand, the court determined that, regardless of the issues raised in the motion to remand, defendants' removal notice did not demonstrate diversity of citizenship.  Specifically, defendants' removal notice did not allege the identity or citizenship of each member of KKR Legends, LLC or KRE Legends Manager, LLC.  The court, then, retained the motion to remand under advisement and directed defendants to file an amended removal notice.  Defendants timely filed an amended removal notice.  As explained below, the court concludes that remand is required.

Defendants' amended removal notice fails to demonstrate diversity of citizenship.  In that notice, defendants allege that defendant KKR Legends, LLC "has one member, KRE Legends Venture, LLC, which is a citizen of Delaware."  They further allege that defendant KRE

Legends Manager, LLC "has two members:  KKR Financial Holdings, LLC, a citizen of Delaware, and KKR Real Estate Fund Holdings, LP, a Delaware citizen."  Because the defendant-LLCs have members which are, in turn, LLCs, defendants are required to allege the membership of those member-LLCs.  *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."); *Mutual Assignment & Indemnification C. v. Lind-Waldeck & Co.*, 364 F.3d 858, 861 (7th Cir. 2004) (if any member of an LLC is itself an LLC, citizenship may need to be "traced through multiple levels"); *Pharmerica Corp. v. Crestwood Care, LLC*, 2015 WL 1006683, at *3 (N.D. Ill. 2015) ("And if a member that is an LLC/partnership itself has an LLC/partnership as a member/partner, the citizenship of all the members/partners of that LLC/partnership must also be alleged and so on."); *Fountain Plaza Finance, LLC v. Centrue Bank*, 2014 WL 5420793, at *2 (E.D. Mo. 2014) (citizenship of an LLC must be traced through however many layers of members there may be in order to establish diversity jurisdiction).  Defendants have not alleged the identity or citizenship of the members of KRE Legends Venture, LLC or KKR Financial Holdings, LLC.  Without those necessary details, the court cannot discern whether diversity jurisdiction exists.  As the party pressing for diversity jurisdiction, defendants have the burden to show that it exists.  *See Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010).  They have not satisfied that burden despite having ample opportunity to do so.

Remand is also warranted for an independent reason.  In connection with the briefing on plaintiff's motion to remand, plaintiff sought leave to add an additional defendant—Legacy

2

Asset Management, LLC.  According to plaintiff, this entity is a proper party because it is responsible for operating the property on which plaintiff's injury occurred.  Plaintiff further alleges that the entity is a citizen of Kansas such that diversity would be destroyed to the extent it existed in the first place.  In response, defendants do not dispute that this entity is a citizen of Kansas and do not dispute that the entity is responsible for operating the property on which plaintiff's injury occurred.  Rather, defendants assert only that the addition of the party is "of no consequence" because diversity jurisdiction must be measured at the time of removal without regard to post-removal amendments.

The rule relied upon by defendants, however, does not apply to the addition of new, non-diverse parties after removal; if it did, then the language of 28 U.S.C. § 1447(e) would be meaningless. *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 476 (5th Cir. 2001) (most post-removal developments will not divest the court of jurisdiction but an addition of a nondiverse defendant will do so).  That section states that "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court."  If joinder is permitted under § 1447(e), then remand is required. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (once a court permits post-removal joinder of a non-diverse defendant, court loses subject-matter jurisdiction and remand is required); *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008).  Because defendants do not suggest any substantive reason why Legacy Asset Management, LLC should not be added as a party to this case, the court permits the amendment of the complaint.  Because the parties are no longer diverse in light of that amendment, the court is compelled to remand the case to state court under § 1447(e).

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for leave to add defendant Legacy Asset Management, LLC (doc. 8) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's motion to remand (doc. 5) is granted.

**IT IS FURTHER ORDERED THAT** this case is remanded to the District Court of Wyandotte County, Kansas.

Dated this 27th day of March, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge